IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KELVIN FRAZIER,

    Plaintiff,
v.                                      CASE NO. 4:16-cv-281-MW-GRJ

JULIE JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se*, *in forma pauperis* civil rights complaint pursuant to 42 U.S.C § 1983 in the Circuit Court in and for Taylor County, Florida. Defendants removed the case to this Court and paid the filing fee on May 13, 2016. ECF No. 1. The Court ordered Plaintiff to file an Amended Complaint on the Court's form. ECF No. 8. Plaintiff filed an Amended Complaint, ECF No. 10, but the Court determined that the Amended Complaint was deficient because Plaintiff failed to complete the form in its entirety, specifically the sections requiring Plaintiff to fully disclose his prior case filing history. The Court ordered Plaintiff to file an Amended Complaint, completing the form in its entirety, on or before June 21, 2016. ECF NO. 12.

Plaintiff objected to the order to amend. ECF No. 17. The district judge overruled the objection and affirmed the order to amend. ECF No. 18.

Plaintiff again failed to comply with the Court's order to file an Amended Complaint. Instead, Plaintiff filed a "Declaration", ECF No. 19, again objecting to the order to amend, stating that he refuses to file an amended complaint, and requesting that the case either be allowed to proceed without amendment or that he refile the case when he is released from confinement. Plaintiff also filed a "Letter Rogatory", ECF No. 20, further objecting to the order to amend.

Because it appeared clear from Plaintiff's filings that he does not intend to comply with the Court's order to file an amended complaint, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for failure to comply with an order of the Court. ECF No. 21. Plaintiff filed a response asserting that he should not be required to file an amended complaint, fully completing the Court's form, because his case was filed under "imminent danger" in State court. Plaintiff contends that he is being arbitrarily denied access to federal court. Plaintiff requests that the Court "approve this case" under imminent danger and appoint counsel

for Plaintiff or, alternatively, Plaintiff will voluntarily dismiss the case and refile it at a later date.

Fla. N. D. Local Rule 5.7(A) requires *pro se* parties to to file a complaint in a civil rights case on the Court's form. The form must be completed in its entirety. Section IV of the Court's form pertaining to "previous lawsuits" requires plaintiffs to disclose "**ALL** PRIOR CIVIL CASES", and warns that failure to do so "MAY RESULT IN THE DISMISSAL OF THIS CASE."

Simply put, Plaintiff does not get to pick and choose which parts of the Court's form he will complete. Plaintiff concedes that he is a three-striker pursuant to 28 U.S.C. § 1915(g) and argues that he is entitled to be excused from completing the form in its entirety because he is proceeding under the "imminent danger" exception to the section 1915(g) bar. However, the Defendants paid the filing fee upon removal of this case and therefore Plaintiff is not seeking leave to proceed *in forma pauperis*. The "imminent danger" danger exception is not, at this time, relevant to his case. The requirement that a prisoner-plaintiff truthfully disclose all prior civil cases serves important functions apart from determining whether a plaintiff is subject to the three-strikes bar, such as allowing the Court to

determine whether the claims a plaintiff seeks to assert have been raised in other cases.

In short, Plaintiff has not shown any cause to excuse his failure to comply with the Court's order to file a complete amended complaint on the Court's form. Under these circumstances, the undersigned finds that the case should be dismissed for failure to comply with an order of the court.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to comply with an order of the Court.

**IN CHAMBERS** this 6th day of October 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**